## State *v.* Taylor & a.

The court of common pleas has not original jurisdiction of the offence of assault and battery as defined by the statute.

Indictment for assaulting and beating one Oliver M. Brooks, contrary to the form of the statute in such case made and provided, &c.

The defendants moved to quash the indictment because it purported to be founded upon the statute; which did not authorize an original prosecution for an assault and battery, except through the previous intervention of a justice of the peace; and because the court of common pleas had no jurisdiction of the offence, except upon the previous examination before a justice of the peace.

But the court overruled the motion, and a verdict was rendered for the State which the defendants moved to set aside.

*Bellows,* for the defendants. As a statute offence, this is within the jurisdiction of justices of the peace. Rev. Stat., chap. 218, secs. 1 and 2. The original jurisdiction of the court of common pleas as defined in Rev. Stat., chap. 172, sec. 4, does not embrace offences within the jurisdiction of justices of the peace.

It was formerly otherwise. N. H. Laws 150; Stat. 1829; Stat. June 28, 1834; Pamph. page 160.

The offence of assaulting and beating is a statute offence; of course if alleged in the indictment to be against the form of the statute, no other than the statute offence can be intended. That not being within the jurisdiction of the court of common pleas, the indictment is bad.

*Wells*, Solicitor, for the State.

WOODS, J. This is an indictment for assaulting and beating one Oliver M. Brooks, contrary to the form of the statute, &c., and a question is made whether the case is within the jurisdiction of the court of common pleas.

The statute defining the offence and annexing the penalty provides, that "if any person shall assault or beat another, or in any way break the peace, upon complaint and conviction thereof before any justice, he shall be fined not exceeding ten dollars, or imprisoned not exceeding thirty days, and shall also recognize with sufficient sureties," &c.

"If the offence is of an aggravated nature, the justice may order such offender to recognize with sufficient surety or sureties to appear at the court of common pleas next to be holden in the county, and on conviction, he may be fined not exceeding two hundred dollars, and imprisoned not exceeding six months," &c. Rev. Stat., chap. 218, secs. 1 and 2.

All cases of assault and battery therefore, are within the jurisdiction of justices of the peace.

The jurisdiction of the court of common pleas in criminal cases is derived from the statute, which provides that "The said court shall have original jurisdiction in all criminal cases whatever, except such as are within the jurisdiction of justices of the peace." The offence of assault-

ing and beating being within the jurisdiction of justices of the peace, does not fall within the class of cases of which the jurisdiction is given by the statute to the court of common pleas. As that court has no other criminal jurisdiction than that which the statute confers, it has therefore no original jurisdiction of the offence described in the indictment. The motion to quash the indictment should therefore have prevailed.

*Verdict set aside.*